OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Cleveland Bar Association v. Faison.
[Cite as Cleveland Bar Assn. v. Faison (1994),      Ohio
St.3d       .]
Attorneys at law -- Misconduct -- Indefinite suspension --
     Failing to cooperate with investigators on ethical
     complaints -- Neglecting an entrusted legal matter --
     Failing to carry out contract of employment for
     professional services -- Failing to promptly deliver money
     owed to client -- Failing to file Certificate of
     Registration and pay required fee.
     (No. 94-1376 -- Submitted September 13, 1994 -- Decided
November 9, 1994.)
     On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 93-54.
     In a complaint filed August 18, 1993, relator, Cleveland
Bar Association, charged respondent, Jacquelyn J.C. Faison of
Cleveland, Ohio, Attorney Registration No. 0036910, with three
counts of misconduct alleging numerous disciplinary
violations.  Respondent failed to file an answer and a panel of
the Board of Commissioners on Grievances and Discipline of the
Supreme Court ("board") considered the matter on relator's
motion for default judgment and supporting affidavits.
     As to the first count of the complaint, the panel found
that respondent was retained on March 22, 1989 by Katie L.
Thompson to represent her in a divorce matter.  Thompson paid
respondent $250 for attorney fees and $60 for filing fees, and
on March 23, 1989, respondent filed a divorce complaint on
Thompson's behalf.  Respondent failed to keep Thompson informed
of the status of the divorce action, and an investigator from
relator's Certified Grievance Committee subsequently informed
Thompson that the case had been dismissed without her consent
on September 29, 1989.  On four separate occasions, respondent
was requested by mail to respond and/or supply information
regarding Thompson's allegations, and she never responded.  The
panel concluded that respondent had violated Gov.Bar R. V(4)(G)
(failing to cooperate with investigators on ethical
complaints).
     As to the second count, the panel found that on January 8,

1989, Betty McNear retained respondent to represent the interests of her minor daughter in the estate of McNear's ex-husband, who was the father of McNear's minor daughter. Respondent advised McNear that the total fee would not exceed $1,200, based on a quoted rate of $80 per hour. Following respondent's successful motions to remove a previously appointed fiduciary and have McNear appointed as administrator of the estate, McNear paid respondent a $500 retainer fee. McNear subsequently paid respondent additional attorney fees of $175, although respondent failed to timely file documents with the probate court and appeared late and unprepared for a hearing in that court on the estate matter.

On October 17, 1989, respondent informed McNear that because she had accepted a municipal court referee's position, respondent could no longer represent her. Later, respondent advised McNear that she would complete the probate matter for an additional fee of $670. On March 5, 1990, McNear terminated her employment of respondent in the estate proceeding and requested her daughter's file and an itemized bill for services rendered. Respondent did not comply with McNear's request.

After retaining other counsel to conclude the estate matter, McNear filed a complaint concerning respondent's misconduct with relator. Respondent failed to respond to any of the five requests for information and/or answers to McNear's allegations that were sent to respondent on behalf of relator. The panel concluded that respondent had violated DR 6-101(A)(3) (neglecting a legal matter entrusted to her), 7-101(A)(2) (failing to carry out a contract of employment for professional services), 9-102(B)(4) (failing to promptly deliver money owed to a client), and Gov.Bar R. V(4)(G) (failing to cooperate with investigation on ethical complaint).

As to the third count, the panel found that as of February 17, 1993, respondent had failed to register with the Supreme Court of Ohio's Office of Attorney Registration. Respondent's last date of registration was September 28, 1987. The panel concluded that respondent had violated Gov.Bar R. VI(6)(A) (failing to file a Certificate of Registration and pay required fee).

The panel agreed with relator's recommendation that respondent be indefinitely suspended from the practice of law. The board adopted the findings of fact, conclusions of law, and recommendation of the panel, and further recommended that costs be taxed to respondent.

Ticktin, Baron, Koepper Co., L.P.A., and Engeline Koepper; Michael Wypasek; and Patrick Gannon, for relator.

Per Curiam. We concur in the findings and recommendation of the board. Jacquelyn J.C. Faison is hereby indefinitely suspended from the practice of law. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.